IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH LOGISTICS SYSTEMS,
INC.,

      Plaintiff and Counter Defendant,

      v.

JACOB FRANTZEN,

      Defendant, Counter Claimant, and
      Third-Party Plaintiff,

      v.

GREG BURNS *and* JOE BIELAWSKI,

      Third-Party Defendants.

2:22-CV-01050-CCW

## MEMORANDUM OPINION

Before the Court are two Motions to Dismiss—one seeking a dismissal of Defendant Jacob

Frantzen's Counterclaims, which is filed on behalf of Plaintiff Pittsburgh Logistics Systems Inc.

("PLS") and Third-Party Defendants Greg Burns and Joe Bielawski, *see* ECF No. 13, and another

seeking a dismissal of Mr. Frantzen's Third-Party Complaint, which is filed on behalf of Mr. Burns

and Mr. Bielawski, *see* ECF No. 18.  For the reasons that follow, the Motion to Dismiss the

Counterclaims will be GRANTED IN PART and DENIED IN PART, and the Motion to Dismiss

the Third-Party Complaint will be DENIED.

## I.      Background

The following facts are taken from the Counterclaims and Third-Party Complaint, which

the Court takes as true for the purpose of ruling on the instant Motions to Dismiss.

1

On July 2, 2018, Mr. Frantzen received a written offer of employment to work as the Director of Intermodal & Drayage for PLS—a company that offers logistic services.  ECF No. 7 ¶¶ 7, 11, 50.  He alleges that he received this offer from Mr. Burns, the CEO of PLS, and Mr. Bielawski, the COO of PLS.  *Id.* ¶¶ 45–48.  While the offer included an annual salary, the terms also included a commission structure that would pay Mr. Frantzen "5% of all PLS Intermodal new *revenue* in 2018 and 2019 Intermodal Team (paid quarterly)."  ECF No. 14-1 at 7 (emphasis added).  On July 27, 2018, Mr. Frantzen signed a written contract that incorporated the terms of the offer of employment.  *See generally id.*  Mr. Frantzen asserts that he would not have left his previous employer "but for the[] commission terms" in his offer letter.  ECF No. 7 ¶ 10.

Mr. Frantzen began working for PLS in July of 2018.  *Id.* ¶ 11.  Shortly after he started, however, Mr. Frantzen alleges that PLS began paying him a reduced commission on the net profit—rather than on revenue.  *Id.* ¶ 13.  In addition, Mr. Frantzen alleges that PLS modified the commission structure further by capping the net profit at 20% of the transaction, even though the total net profit of a single transaction could exceed this percentage.  *Id.* ¶ 13.

When Mr. Frantzen complained about the "bait and switch," PLS purportedly refused to honor the commission structure set forth in the offer of employment.  *Id.* ¶ 14.  Mr. Frantzen asserts that from June 2018 until December 2019, he should have received over $150,000 in commission but, to date, he has not received the full amount per the terms of the contract.  *Id.* ¶¶ 16–17.

On June 22, 2022, PLS sued Mr. Frantzen in state court for violating the confidentiality, non-compete, and non-solicitation provisions of his employment contract when he allegedly began working for a competitor.  ECF No. 1-2 ¶¶ 27–44.  Subsequently, Mr. Frantzen removed the case

to federal court pursuant to 28 U.S.C. §§ 1441, 1446.[1]  *See generally* ECF No. 1.  On August 25, 2022, Mr. Frantzen filed his Answer and Counterclaims, setting forth four state-law claims:  a breach of contract claim against PLS (Count One);  a breach of the implied covenant of good faith and fair dealing claim against PLS (Count Two);  an unjust enrichment claim against PLS (Count Three);  and a claim alleging violation of the Pennsylvania Wage Payment and Collection Law ("WPCL") against PLS, Mr. Burns, and Mr. Bielawski (Count Four).  *See generally* ECF No. 7.  PLS moved to dismiss the Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 13 &14.

Mr. Frantzen also brought a one-count Third-Party Complaint against Mr. Burns and Mr. Bielawski, alleging a violation of the WPCL (Count One).  *See generally* ECF No. 9.   Mr. Burns and Mr. Bielawski moved to dismiss that claim.  ECF No. 18.  Both Motions have been fully briefed, *see* ECF Nos. 14, 19–23, and are now ripe for adjudication.

## II.      Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true the pleading's factual allegations and views them in the light most favorable to the party making the claims.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008);  *1600 Walnut Corp. v. Cole Haan Co. Store*, 530 F. Supp. 3d 555, 558 (E.D. Pa. 2021).  Although a complaint or counterclaim need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);  *1600 Walnut Corp.*, 530 F. Supp. 3d at 558.  That is, "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at

---

[1] This Court has subject-matter jurisdiction over this action, specifically diversity jurisdiction pursuant to 28 U.S.C. § 1332, because Mr. Frantzen is an Illinois resident, PLS is a Pennsylvania corporation, and the amount in controversy is more than $75,000 in damages.  ECF No. 1-2 ¶¶ 1–3, 44, 50, 59; *see also* ECF No. 30.

555. Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a [party] must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a party need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

## III.   Discussion

### A.   The Motion to Dismiss the Counterclaims

Mr. Frantzen's Counterclaims are state-law claims arising from a contractual dispute. These claims are all governed by Pennsylvania law per the terms of the contract itself and because the parties agree that Pennsylvania law applies. ECF No. 14-1 ¶ 11; *see Commonwealth Cap. Corp. v. Getronics, Inc.*, 147 Fed. App'x 253, 254–55 (3d Cir. 2005) (requiring federal courts

4

sitting in diversity to apply the law that the parties "explicitly or implicitly" have chosen).  PLS,

Mr. Burns, and Bielawski seek to dismiss all four Counterclaims.  *See generally* ECF No. 14.

### 1.      Mr. Frantzen Has Plausibly Alleged a Breach of Contract Claim

The Court will address Mr. Frantzen's breach of contract claim (Count One) and breach of

the implied covenant of good faith and fair dealing claim (Count Two) together.  *See* ECF No. 7

¶¶ 7–29.  For both claims, Mr. Frantzen argues that PLS breached the terms of the contract and the

covenant of good faith and fair dealing by paying 5% commission only on the net profit, rather

than on revenue.  PLS asserts that no breach occurred because the contract allowed PLS to modify

the commission structure "at management's discretion."  ECF No. 14 at 2.  PLS also requests that

the standalone claim of breach of the covenant of good faith and fair dealing be dismissed because

Pennsylvania does not recognize it as an independent cause of action.

The Court agrees with PLS that Count Two, for breach of an implied covenant of good

faith and fair dealing, must be dismissed insofar as it is brought as a standalone claim.  In

Pennsylvania, a breach of the implied covenant of good faith cannot be pleaded independently

from a breach of contract claim.  *Davis v. Wells Fargo*, 824 F.3d 333, 352 (3d Cir. 2016).  Such a

claim "is subsumed in a breach of contract claim" given that the obligation to act in good faith is

inherent in a contract.  *Id.* (quoting *Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013));  *see*

*Somers v. Somers*, 613 A.2d 1211, 1214 (Pa. Super. 1992).  Therefore, the Court will dismiss

Count Two as an independent cause of action with prejudice because amendment would be futile.

*See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) ("While [Federal Rule of Civil Procedure

15] requires that leave to amend should be 'freely given,' a district court has the discretion to deny

this request if . . . the amendment would be futile . . . .").  That said, the Court will incorporate Mr.

Frantzen's arguments related to good faith and fair dealing into the analysis of his breach of

contract claim at Count One. *See Davis*, 824 F.3d at 352 (doing same); *Tubman v. USAA Cas. Ins.*, 943 F. Supp. 2d 525, 529 (E.D. Pa. 2013) (doing same).

Mr. Frantzen has, however, adequately pled a breach of contract claim in Count One. Under Pennsylvania law, a party alleging breach of contract must show that (1) a contract between the parties existed;  (2) a breach of a contractual duty occurred;  and (3) it resulted in damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (applying Pennsylvania law).  The parties agree that a contract between the parties existed, but dispute whether PLS breached a contractual duty.

To determine what contractual duties PLS owed, the Court will begin by examining the contract itself.[2]   As compensation, the contract provided Mr. Frantzen a base salary and a commission structure that should have constituted "5% of all PLS Intermodal new *revenue* in 2018 & 2019 Intermodal Team (paid quarterly)." ECF No. 14-1 at 7 (emphasis added).  Mr. Frantzen alleges that upon beginning his employment with PLS, he was paid a reduced commission rate, limited to the net profit.  ECF No. 7 ¶¶ 8, 13.  In addition, Mr. Frantzen alleges that PLS capped the net profit at 20% of the transaction, despite no mention of a cap in his contract.  *Id.* ¶ 13.

Rather than disputing these allegations, PLS argues that it had no contractual duty to pay him the commission structure outlined in the contract, given that two provisions provided PLS unilateral discretion to alter compensation.  First, the contract stated that the "compensation, benefits, and job responsibilities are more fully described in an offer letter of employment, and the

---

[2] The contract was not attached to the Counterclaims but was attached to PLS' Motion to Dismiss.  Although Rule 12(d) limits when a court may rely on documents outside the pleadings in ruling on a motion to dismiss, a court may consider "an undisputedly authentic document that a [party] attaches as an exhibit to a motion to dismiss if the [claims at issue] are based on the document." *In re Donald J. Trump Casino Sec. Litig. – Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *see also Spizzirri v. Zyla Life Scis.*, 802 Fed. App'x 738, 739 (3d Cir. 2020) ("[A] court may consider . . . documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss into a motion for summary judgment.").  Therefore, because the contract between PLS and Mr. Frantzen is integral to the claims in this case, the Court will consider it at this preliminary stage.

Company may change them from time to time." ECF No. 14-1 ¶ 1. Second, Mr. Frantzen's offer

of employment included a provision that "[c]ompensation and benefits are subject to change at

management's discretion." *Id.* at 7. PLS maintains that these two provisions gave it unilateral

authority to modify the commission structure. Elsewhere, however, the contract specified, "This

Agreement . . . cannot be modified, changed, waived or terminated except by a writing signed by

the Company and [Mr. Frantzen]." ECF No. 14-1 ¶ 15. Mr. Frantzen argues that, although PLS

had discretion to change his compensation, such change needed to be in writing and signed by both

parties to take effect. ECF No. 20 at 4–5.

The Court concludes that both of these interpretations are reasonably grounded in Mr.

Frantzen's employment agreement, such that the agreement is ambiguous. *Com. ex rel. Kane v.*

*Univ. of Pittsburgh Med. Ctr.*, 129 A.3d 441, 463 (Pa. 2015) ("A contract's terms are considered

ambiguous if they are subject to more than one reasonable interpretation when applied to a

particular set of facts." (cleaned up)). In Pennsylvania, there is a preference to interpret ambiguous

provisions in a way that gives "a reasonable, lawful, and effective meaning to all [contractual]

terms" rather than rendering a provision "unreasonable, unlawful, or of no effect." *Id.* at 468

(quoting Restatement (Second) of Contracts § 203 (Am. L. Inst. 1981)). The competing provisions

here, however, which simultaneously provide PLS with the discretion to alter compensation but

also require any changes be made in writing and signed by both parties, cannot be interpreted

without rendering some term ineffective. In such circumstances, more specific provisions "are

more likely to express the meaning of the parties" than more general provisions. *PBS Coal, Inc.*

*v. Hardhat Min., Inc.*, 632 A.2d 903, 906 (Pa. Super. 1993) (applying the Restatement (Second)

of Contracts § 203 (Am. L. Inst. 1981)). Thus, the more specific provision allowing PLS to make

changes to an employee's compensation overrides the more general provision requiring signatures

by both parties to effectuate changes to the contract.  There is, however, no language in the discretionary provisions that details how PLS should exercise its discretion (whereas, the other provision requires any change be made in writing).  Therefore, the ability to alter compensation does not eliminate the requirement that such a change be provided in writing.  Considering PLS has not provided any indication of how it enacted the change to Mr. Frantzen's commission structure, the Court finds that Mr. Frantzen has plausibly alleged that PLS breached a contractual duty.

Mr. Frantzen has also plausibly alleged a breach of the duty of good faith.  Employers, no less than other contracting parties, have an obligation to act in good faith to perform contractual duties.  *Somers*, 613 A.2d at 1214.  Good faith is defined as "honesty in fact in the conduct or transaction concerned."  *Somers*, 613 A.2d at 1213 (cleaned up).  A party breaches the covenant of good faith and fair dealing if there is, among other things, an "evasion of the spirit of the bargain."  *Somers*, 613 A.2d at 1214 (citing Restatement (Second) of Contracts, § 205 cmt. d (Am. L. Inst. 1981)).

Mr. Frantzen argues that PLS acted in bad faith by first luring him away from his previous employer with a generous commission structure but then refusing to pay in accordance with these terms.  ECF No. 7 ¶¶ 23–29.  PLS relies on Third Circuit caselaw that found that the duty to act in good faith "is not divorced from the specific clauses of the contract and cannot be used to override an express contractual term."  ECF No. 14 at 12 (quoting *Northview Motors, Inc. v. Chrysler Motors. Corp.*, 227 F.3d 78, 91 (3d Cir. 2000)).  PLS does not, however, point to any express change in Mr. Frantzen's commission structure, only its *ability* to change said terms, making this holding inapplicable.  Otherwise, PLS' argument would essentially render it impossible for PLS to ever breach the contract for disputes related to compensation.

The covenant of good faith requires that, when exercising discretion in modifying a contract, a party must do so reasonably. *See Clemenete v. Allstate, Ins.*, No. 2:22-CV-00056-CCW, 2022 WL 17976324, at *5 (W.D. Pa. Dec. 28, 2022). While courts have recognized that employers have discretion to change an employee's compensation, this "does not relieve an employer of its contractual obligation to provide the compensation promised in return for an employee's services." *See Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 942 (Pa. Super. 2011). In fact, where discretionary changes to compensation have been upheld, the employers had some intention to pay what it originally promised. *See, e.g.*, *Hicks v. Global Data Consultants, LLC*, --- A.3d ---, 2022 WL 3148810, at *2, *8 (Pa. Super. 2022) (allowing a discretionary change in compensation when an employer had paid the original commission structure for three years). In this case, Mr. Frantzen has alleged that, from the outset, PLS did not pay him according to the original terms of the contract. This assertion suggests that PLS acted unreasonably in exercising its discretion because it had no intention to pay Mr. Frantzen the promised commission structure. If true, which the Court must assume at this stage, Mr. Frantzen has plausibly alleged a breach of the implied covenant of good faith and fair dealing to support his breach of contract claim. Accordingly, for the foregoing reasons, PLS' Motion to Dismiss the breach of contract claim (Count One) will be DENIED.

**2.       Mr. Frantzen Has Not Plausibly Alleged an Unjust Enrichment Claim**

As Count Three of his Counterclaims, Mr. Frantzen brings an unjust enrichment claim in the alternative against PLS. PLS argues that this unjust enrichment claim should be dismissed because Mr. Frantzen has not met either limited circumstance in which a litigant is allowed to bring an unjust enrichment claim as an alternatively pleaded claim.

In Pennsylvania, it is well-established that an unjust enrichment claim is "inapplicable when the relationship between the parties is founded on a written agreement or express contract." *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987) (quoting *Benefit Tr. Life Ins. v. Union Nat'l Bank*, 776 F.2d 1174 (3d Cir. 1985)).   A plaintiff may plead unjust enrichment in the alternative only if "(i) the contract at issue covers only a part of the relationship between the parties, or that (ii) the existence of a contract is uncertain or its validity is disputed by the parties." *Vantage Learning (USA), LLC v. Edgenuity, Inc.*, 246 F. Supp. 3d 1097, 1100 (E.D. Pa. 2017) (footnote omitted).   Because Mr. Frantzen argues that only the first exception applies, the Court will limit its analysis to this exception.

According to PLS, Mr. Frantzen cannot meet the first exception because the contract represented the entirety of the relationship between the parties. *See* ECF No. 14 at 14.  As support, PLS notes that the contract explicitly states, "This Agreement constitutes the entire agreement between the parties."   ECF No. 14-1 ¶ 15.   Mr. Frantzen responds that, although the contract covered 2018 and 2019, he continued working for PLS until November 30, 2021, and therefore, it does not cover the entirety of their employment relationship.  ECF No. 20 at 11.  According to Mr. Frantzen, because he continued working past 2019, he "is seeking not only lost commissions for 2018 [and] 2019, but for 2020 and 2021 as well."  *Id.*  The claim for 2020 or 2021 commissions, however, is absent entirely from his pleadings.  *See* ECF No. 7 ¶¶ 30–38.  As part of his unjust enrichment claim, he requests commissions only "[f]rom June 2018 until December 2019."  *Id.* ¶¶ 34–35.  Because the Court accepts as true only those factual allegations in the pleadings, *see Phillips*, 515 F.3d at 228, Mr. Frantzen's new request for commissions from 2020 and 2021 cannot be considered, and he cannot support an unjust enrichment claim in the alternative.

Accordingly, based on the factual allegations in the Counterclaims, the Court finds that the contract represents the entirety of the relationship between the parties, and PLS' Motion to Dismiss the unjust enrichment claim will be GRANTED.  The Court will dismiss the unjust enrichment claim without prejudice, and Mr. Frantzen will be granted leave to amend to address this deficiency in his pleadings.

### 3. Mr. Frantzen Has Plausibly Alleged a WPCL Claim Against PLS

As with the previous claims, Mr. Frantzen's claim under the WPCL (Count Four) is also predicated on the allegation that PLS failed to pay the full commission owed.  The WPCL provides,

> Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employes on regular paydays designated in advance by the employer. . . . All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period.

43 P.S. § 260.3(a).  The WPCL offers a statutory remedy for employees to receive any wages or compensation improperly withheld by their employers.  *Grimm v. Universal Med. Servs., Inc.*, 156 A.3d 1282, 1290 (Pa. Super. 2017).  If an employer breaches a contractual duty to pay, courts can enforce the terms of the contract under the WPCL.  *See Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990) ("The contract between the parties governs in determining whether specific wages are earned.").

First, PLS argues that the WPCL claim should be dismissed because the unpaid wages are almost entirely time barred.  The Third Circuit recognizes that the statute of limitations is properly raised at the motion to dismiss stage when it is "apparent on the face of the [pleadings]" that the claim is brought outside the statute of limitations.  *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

11

Although a breach of contract claim has a four-year statute of limitations in Pennsylvania, *see* 42 P.S. § 5525, the WPCL has a three-year statute of limitations, *see* 43 P.S. § 260.9a(g).  Mr. Frantzen filed his Counterclaims on August 25, 2022, so he has only plausibly alleged damages after August 25, 2019 for the purposes of his WPCL claim.

Mr. Frantzen, however, argues that he is entitled to payments "due and payable" before this date because the continuing violation doctrine applies.  He relies on Third Circuit caselaw that relaxes the statute of limitations for "most federal causes of action" when a violation is part of the same continuing practice and as long as the final violation falls within the applicable limitations period.  ECF No. 20 at 14 (quoting *Brenner v. Loc. 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)).  This doctrine applies to federal causes of actions— which the WPCL is not—and, furthermore, a court within this district has already declined to extend this doctrine to a WPCL claim.  *See Mullin v. Int'l Bhd. of Teamsters Loc. 249*, No. 2:03CV1445, 2006 WL 840342, at *3 (W.D. Pa. Mar. 28, 2006) (McVerry, J.) (finding the continuing violation doctrine inapplicable under the WPCL because paychecks are "more analogous to a discrete act . . . rather than an ongoing pattern of discrimination or mistreatment" (internal quotation marks omitted)).  The Court is persuaded by this reasoning, and similarly concludes that the statute of limitations applies, even at this stage.  Since Mr. Frantzen's commissions were paid quarterly, he has plausibly alleged damages for the final two quarters of 2019, but he has not plausibly alleged damages prior to this period under the WPCL.

Second, PLS argues that a WPCL claim is predicated on a breach of contract claim, and given the discretionary provisions, Mr. Frantzen cannot establish that he was contractually entitled to any unpaid commission.  The Court has already rejected this argument.  Because the Court is allowing the breach of contract claim to proceed, Mr. Frantzen has plausibly alleged that he was

contractually entitled to unpaid wages.  Accordingly, the WPCL claim against PLS survives for amounts due after August 25, 2019.

      **4.**      **The Counterclaim Against Mr. Burns and Mr. Bielawski is Dismissed on Procedural Grounds**

The Court will now address the portion of the Counterclaim brought against Mr. Burns and Mr. Bielawski.  Mr. Frantzen filed a Counterclaim and a Third-Party Complaint against Mr. Burns and Mr. Bielawski, asserting an identical claim under the WPCL.  Federal Rule of Civil Procedure 13 requires that a counterclaim—either compulsory or permissive—be brought "against an opposing party."  *See* Fed. R. Civ. P. 13(a)–(b).  By contrast, Federal Rule of Civil Procedure 14 allows a party to bring a third-party complaint against "a nonparty."  Fed. R. Civ. P. 14(a)(1). Although Rule 14 is written with indemnification in mind, the purpose of "Rule 13 and 14 [is] to adjudicate all related claims in one proceeding."  *Earle M. Jorgenson Co. v. T.I. U.S., Ltd.*, 133 F.R.D. 472, 474 (E.D. Pa. 1991).  Here, neither Mr. Burns nor Mr. Bielawski were an opposing party such that a counterclaim pursuant to Rule 13 could have been brought against them.  Thus, the Third-Party Complaint against them—which in any case is substantively duplicative of the Counterclaim—is the appropriate procedural vehicle for Mr. Frantzen's claim.  *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977);  *cf. Reynolds v. Rick's Mushroom Serv. Inc.*, No. Civ.A. 01-3773, 2006 WL 1490105, at *6 (E.D. Pa. May 26, 2006) (dismissing with prejudice a claim improperly brought pursuant to Rule 13).  For these reasons, the Court will dismiss with prejudice the sole count in the Counterclaims against Mr. Burns and Mr. Bielawski.

**IV.**      **The Motion to Dismiss the Third-Party Complaint**

In the Third-Party Complaint, Mr. Frantzen brings a single claim against Mr. Burns and Mr. Bielawski, as corporate managers of PLS, for a violation of the WPCL, seeking unpaid commission from July 2018 until December 2019.  ECF No. 9 ¶¶ 21–22.  Mr. Burns and Mr.

-secret

Bielawski argue that, even if the WPCL claim is allowed to proceed against PLS, the WPCL claim should be dismissed against them for three reasons.[3]  *See generally* ECF No. 19;  ECF No. 14 at 19–20.

First, Mr. Burns and Mr. Bielawski argue that managerial liability "is contingent on the corporation's failure to pay debts that it owes."  ECF No. 14 at 19 (quoting *Belcufine v. Aloe*, 112 F.3d 633, 639 (3d Cir. 1997));  ECF No. 19 at 10–11.  According to Mr. Burns and Mr. Bielawski, because PLS is solvent, there is no need to keep Mr. Burns and Mr. Bielawski in the case.  This argument, at least at this early stage, is not persuasive.  For one thing, the Third Circuit in *Belcufine*, which Mr. Burns and Mr. Bielawski rely on, dismissed a WPCL claim against the corporate managers at the summary judgment stage, not the motion to dismiss stage.  *See Belcufine*, 112 F.3d at 635, 639.  In addition, *Belcufine* stands for exactly the opposite proposition from what Mr. Burns and Mr. Bielawski rely on it for.  The Third Circuit found that it was appropriate to dismiss the corporate managers only when the corporation was *insolvent*—not when the corporation is solvent—because any outstanding payments would be subject to bankruptcy rules and regulations.  *Id.* at 639.  Otherwise, the Third Circuit explained, liability for corporate managers while a company is solvent is appropriate because it incentivizes the company to pay employees while there are still funds to do so.  *Id.* at 639–40.  Therefore, the Court will not dismiss claim against Mr. Burns and Mr. Bielawski on these grounds.

Second, according to Mr. Burns and Mr. Bielawski, Mr. Frantzen has not plausibly alleged that Mr. Burns and Mr. Bielawski were active decisionmakers for the purposes of the WPCL.  ECF

---

[3] Mr. Burns and Mr. Bielawski have presented duplicative arguments for this second WPCL claim—a statute of limitations defense and a claim that the discretionary ability to change compensation absolves them of liability.  The Court adopts its previous holdings in its analysis of Count Four of the Counterclaims.  Mr. Frantzen has plausibly alleged damages from August 25, 2019 onward for a WPCL claim, and without a written modification to his commission structure, the WPCL claim cannot be dismissed because compensation could change at PLS' discretion.

No. 14 at 19–20;  ECF No. 19 at 11.  The WPCL imposes liability on "any agent or officer."  43 P.S. § 260.2a.  However, courts have narrowed the scope of liability by requiring evidence that the agent or officer an "active role in decision making."  *Int'l Ass'n of Theatrical Stage Emps., Loc. Union No. 3 v. Mid-Atl. Promotions, Inc.*, 856 A.2d 102, 105 (Pa. Super. 2004) (quoting *Mohney v. McClure*, 568 A.2d 682, 686, *aff'd* 604 A.2d 1021 (Pa. 1992)).  To satisfy this requirement, a party could, for example, show that an individual engaged in "corporate decision-making or corporate advisement on matters of pay or compensation."  *Hirsch v. EPL Techs., Inc.*, 910 A.2d 84, 88 (Pa. Super. 2006) (quoting *Mid-Atl. Promotions, Inc.*, 856 A.2d at 106).

That said, such evidence is not required at this early stage.  *See, e.g.*, *Mohney*, 568 A.2d at 683, 686 (deciding this at summary judgment);  *Hirsch*, 910 A.2d at 86–87 (deciding this after trial);  *see also Hansen v. McKivigan*, No. 07-885, 2007 WL 9797474, at *2 (W.D. Pa. Aug. 16, 2007) (Ambrose, C.J.) (declining to apply the holding in *Hirsch* at the motion to dismiss stage).  Rather, the standard for a 12(b)(6) motion is whether a claim is plausible on the face of the pleadings.  *Iqbal*, 556 U.S. at 678.  Here, Mr. Frantzen has alleged that Mr. Burns and Mr. Bielawski are principal members of PLS, respectively, the CEO and COO.  ECF No. 7 ¶¶ 3–4;  ECF No. 9 ¶¶ 2–3.  Furthermore, Mr. Frantzen has stated that Mr. Burns and Mr. Bielawski provided the original offer of employment, which outlined his base salary and commission structure.  ECF No. 7 ¶¶ 45–47.  Given these factual allegations, it is plausible on the face of the pleadings that Mr. Burns and Mr. Bielawski were active decisionmakers.

Finally, Mr. Burns and Mr. Bielawski argue that imposing managerial liability under the WPCL without evidence that they were involved in the non-payment of wages violates the Due Process Clause of the Fourteenth Amendment.  ECF No. 19 at 11–12.  The only support for this proposition is a non-binding district court case from the Southern District of Florida which does

not examine the WPCL or involve managerial liability at all. *See id.* (quoting *Osorio v. Dole Food Co.*, 665 F. Supp. 2d 1307, 1332 (S.D. Fla. 2009)). *Osorio* held that a law establishing an "irrebuttable presumption" of causation was a "manifest denial of due process." *Osorio*, 665 F. Supp. 2d at 1333. By contrast, the WPCL does not impose an "irrebuttable presumption" that the corporate managers are liable. *See generally* 43 P.S. § 260.1 *et seq.* The WPCL merely serves as a vehicle for an employee alleging unpaid wages to bring a case before a court. *Oberneder v. Link Comput. Corp.*, 674 A.2d 720, 721 (Pa. Super. 1996). The employee still must prove his case by a preponderance of the evidence. This does not rise to a violation of Due Process. Accordingly, Mr. Burns' and Mr. Bielawski's Motion to Dismiss the Third-Party Complaint will be DENIED.

## V.      Conclusion

For the reasons set forth above, PLS' Motion to Dismiss the Counterclaims is GRANTED IN PART and DENIED IN PART as set forth in the accompanying order, and Mr. Burns' and Mr. Bielawski's Motion to Dismiss the Third-Party Complaint is DENIED. Mr. Frantzen is granted leave to amend Count Three of his Counterclaims. Mr. Frantzen shall file any amended counterclaim on or before January 31, 2023.

DATED this 17th day of January, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record